IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BROADWAY PINE BRANDS LLC,
                    Plaintiff,

v.

TOY STORAGE WORLD (TSW),
ADpossible, Agudan Global, AILNLIA
US, alibaby, Alimto, Andota, Armsense,
AuHome, AuLinx, Baitoo, Beauty
GardenUSstore, Best Us Toys, Beta Bei,
Black Belt Teddy, Bright Store Store,
Bujiat, Changtian Im&Ex, chaoou group,
COAWG-R Direct, CTYES,
dingrundianzishangwu, DIWANGUS,
Dofilachy, Dragon Hse, Enjoying Your
Life, EXZ STORE, Family Group LLC,
Feiyouda, FrankINC, Fribug Store,
FUQUN US, GenTelory, Hainiter, Hanxi
US, HappyCliff, HINOKO, HLTOP,
HNFZF, Hotmisu, JOYEUSA,
JoyshareDirect, KGMcare Direct,
Kiddoable, Kind person US store,
Kosidadi, Li Nuo Mao Yi, lijiyang007,
Linkaye LTD, LOSFPVR DIRECT,
MeeQeeStore, nanfengxianluxinhong,
NEWTUS, NOHIND, Petogether Direct,
PrimaShoppe, quite unique, Shoplist BT,
Summer-Shine, SUPER DAMAI, Surper-
Toy, TIBSY, Trsmima, two jacks, UG
HOME, UNE Design, VECANCE, Way
US, WCH AUTO Accessories LIMITED,
Wegilion, wuyou-trade, XCSOURCE
Direct, YOURAN, Zestall, and
zhengdeshangmao,
                    Defendants.

Civil Action No. 2:21-cv-1665


**FILED UNDER SEAL**


**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

BROADWAY PINE BRANDS LLC, a Delaware limited liability company ("Plaintiff"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the Caption and which are set forth in **Schedule "A"** hereto (collectively "Defendants").  Defendants (1) have willfully infringed one or more of the claims of U.S. Patent No. 11,154,128 ("Plaintiff's Patent" or "the '128 Patent") by offering for sale, selling, and distributing knock-off versions of Plaintiff's SLIDEAWAY® toy bin ("Infringing Products") and some are also using SLIDEAWAY® ("Plaintiff's Mark")[1], all through an interactive commercial internet store operating on at least one of the Amazon.com, eBay.com, Aliexpress.com, or wish.com e-commerce platforms ("Third Party Service Provider(s)") . In support of their claims, Plaintiff allege as follows:

## NATURE OF THE ACTION

1.  Nate Jelovich is an executive of the Plaintiff company, BROADWAY PINE BRANDS LLC, the 100% owner of the combined assets of Adam Hinkle, Dana Sue Hinkle, and Hinkle Direct, LLC d/b/a CreativeQT, the original company that developed and marketed the product at issue in this case (i.e., the SLIDEAWAY® toy bin).  Borne from the minds of the loving parents of 5 children, the Plaintiff's patented product solved the challenging problem of cleaning up small toys that a creative child has spread out to explore and play with on the floor. The toys are stored in a decorative storage bin that has a play mat integrated into it. The toys are spilled from the storage bin onto the integrated play mat and do not escape from the system. The mat is large enough for the child to spread all its toys out but still fits neatly into the storage bin

---

[1] While all of the Defendants are infringing on at least one claim of the Plaintiff's Patent, only Defendant Nos. 3, 4, and 48 are infringing on Plaintiff's Mark while selling their Infringing Products.

with the toys on it. To clean up, the draw string handles are pulled to gather the mat with the toys back into the storage bin. The lid of the bin is then closed and the decorative storage bin, holding the play mat, and all the toys, may be placed in the room as desired. Today, the product is sold by Plaintiff under the brand name SLIDEAWAY® toy bin ("Plaintiff's Product").

2.   Defendants have offered for sale, sold, and distributed knock-off versions of the Plaintiff's Product which infringe at least one claim of the Plaintiff's Patent and some are using Plaintiff's Mark without license or permission to sell their knock-offs.  Moreover, Defendants' sale, distribution, and advertising of the Infringing Product are highly likely to cause consumers to believe that Defendants are offering a genuine version of Plaintiff's Product when they are not.  Shown below are example types of Infringing Product offered for sale by several Defendants:

**PLAINTIFF'S PRODUCT**



**INFRINGING LISTING OF DEFENDANT TOY STORAGE WORLD**



**INFRINGING LISTING OF DEFENDANT ALIMTO**



**INFRINGING LISTING OF DEFENDANT BEST US TOYS**



3.    As poorly designed and manufactured products, the flimsiness of Defendants'
Infringing Products may disappoint a customer who may give Plaintiff's product a bad review on
one or more online platforms.

4.  Defendants' Infringing Products threaten to destroy the reputation of high quality that
Plaintiff's Products have earned.

5. Plaintiff's Product is marketed and advertised extensively including on its website
creativeqt.com and its storefront on Amazon.com. The unique features of Plaintiff's Product and
the manner in which it is marketed and advertised, including: the distinct photographs, the
design, the instructions, the packaging, and the unique presentation of the product, all comprise

Plaintiff's valuable intellectual property ("IP") and all have become distinct in consumers' minds such that consumers associate all of this IP with Plaintiff's Product. Screenshots from Plaintiff's Website and Amazon Store are attached as Complaint **Exhibit 1**.

6.   The innovative features of Plaintiff's Product are the subject of U.S. Patent No. 11,154,128 entitled "storage container with an integrated mat".  Plaintiff is the sole owner of U.S. Patent 11,154,128, and has not licensed the patent to any individual or entity. A copy of the patent is attached as Complaint **Exhibit 2** ("Plaintiff's Patent"). The Defendants had actual notice of the publication of this patent. The claims as published were the subject of a first office action allowance. Thus, the allowed claims and the published claims were identical. Defendants' infringement began as early as November 21, 2019 (the publication date).

7.Plaintiff sells its toy storage bin under the registered SLIDEAWAY® trademark U.S. Reg. No. 5994698 for "fabric sided toy storage container in the nature of a toy box or toy chest having an integrated play mat." in class 20. A copy of the trademark registration certificate and status and ownership record from the United States Patent and Trademark Office is attached as Complaint **Exhibit 3** ("Plaintiff's Mark").

8.   On information and belief, Defendants' sale of Infringing Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions.  Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Infringing Products. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of and/or sell and otherwise distribute the Infringing Products. Moreover, the Infringing Products all infringe on at least one claim of the Plaintiff's Patent and the Infringing Products are the same or substantially similar products.

9.  Plaintiff therefore brings this action for Patent Infringement under 35 U.S.C. § 271, and against some Defendants for Trademark Infringement 15 U.S.C. §§ 1114, 1116, 1125(a), and 1125(d), and the All Writs Act, 28 U.S.C. § 1651(a).

## JURISDICTION AND VENUE

10.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

11.  This Court may exercise personal jurisdiction over a non-resident of the State in which the Court sits to the extent authorized by the state's laws.  Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to 42 Pa. Cons. Stat. § 5322 (a) which provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth.  Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."  In the alternative, Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Pennsylvania and in this judicial district, and/or derive substantial revenue from their business transactions in Pennsylvania and in this judicial district and/or otherwise avail themselves of the privileges and

protections of the laws of the Commonwealth of Pennsylvania such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in Pennsylvania and in this judicial district such that Defendants should reasonably expect such actions to have consequences in Pennsylvania and in this judicial district, for example:

a. Upon information and belief, at all times relevant hereto, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Pennsylvania, through online platforms with Merchant Storefronts (as defined *infra*), via online marketplace websites, such as Amazon.com, under the Seller IDs, as well as any and all as yet undiscovered accounts with Merchant Storefronts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the United States, including Pennsylvania, can view the one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Pennsylvania, as a means for establishing regular business with the U.S., including Pennsylvania.

b. Upon information and belief, certain Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or

otherwise deal in products, including the Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Pennsylvania.

c. Upon information and belief, Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S. and into this judicial district.

d. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Pennsylvania.

e. Upon information and belief, at all times relevant, Defendants have transacted business with consumers located in the U.S., including Pennsylvania, for the sale and shipment of Infringing Products.

f. Upon information and belief, some Defendants are employing and benefiting from substantially similar, paid advertising and marketing and advertising strategies in order to make their Merchant Storefronts selling illegal goods appear more relevant and attractive to search result software across an array of search words, including but not limited to "SLIDEAWAY" and "TOY STORAGE BASKET AND PLAY MAT". By their actions, Defendants are causing concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff of their right to fairly compete for space within the various on-line marketplace search results and reducing the visibility of the Plaintiff's Product on various online marketplaces and/or diluting and driving down the retail market price for the Plaintiff's Product (ii) causing an overall degradation of the

value of the goodwill associated with Plaintiff's Product; and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand and products.

g. Upon information and belief, Defendants have cooperated, communicated their plans with one another, shared information, purchased their infringing products from the same source, and coordinated their efforts, all in order to create an illegal marketplace operating in parallel to the legitimate marketplace of Plaintiff's and the legally authorized resellers of Plaintiff's genuine goods.

h. Upon information and belief, Defendants are concurrently targeting their infringing activities toward consumers and causing harm in Allegheny County, Pennsylvania.

i. Upon information and belief, Defendants likely reside and/or operate in foreign jurisdictions with lax trademark and patent enforcement systems and are cooperating by creating an illegal stream of infringing and Infringing Goods.

j. Upon information and belief, Defendants are aware of Plaintiff, its genuine SLIDEAWAY® Toy Bin, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiff in the United States, in Pennsylvania and in this judicial district specifically, as Plaintiff conducts substantial business in Pennsylvania.

k. Plaintiff is suffering irreparable and indivisible injury and suffered substantial damages as a result of Defendants' unauthorized and wrongful sale of infringing goods.

12. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, for example:

a.  Upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

b.  Upon information and belief, Defendants or their agent(s) may be found in this district because personal jurisdiction is proper in this district.

c.  Upon information and belief, this is a judicial district in which a substantial part of the events or omissions giving rise to the infringement claims occurred, or a substantial part of the property that is the subject of the action is situated.

d.  Defendants not resident in the United States may be sued in this judicial district because personal jurisdiction is proper in this district.

## THE PLAINTIFF

13.  Plaintiff, Broadway Pine Brands LLC, is a Delaware limited liability company and has its principal place of business at 113 Cherry Street, PMB 89249, Seattle, Washington 98104-2205 U.S.

14.  Plaintiff is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, the SLIDEAWAY® Toy Bin, through its website, creativeqt.com, its authorized storefront on amazon.com, and various retail establishments. Defendants, through the sale and offer to sell Infringing Products are directly, and unfairly, competing with Plaintiff's economic interest in the Commonwealth of Pennsylvania and causing Plaintiff harm within this jurisdiction.

15.  Like many other brand owners, Plaintiff suffers ongoing daily and sustained violations of their rights at the hands of infringers, such as Defendants herein, who wrongfully reproduce Plaintiff's Products for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits from the sale of their Infringing Products.  The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill

associated with Plaintiff's Products and the destruction of the legitimate market sector in which

Plaintiff operate.

16.  The recent explosion of counterfeiting and infringement over the Internet, including

through online marketplace platforms, has created an environment that requires brand owners,

such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order

to protect both consumers and Plaintiff from the ill effects of confusion and the erosion of the

goodwill associated with Plaintiff's brand and products.

## THE DEFENDANTS

17.  The Defendants are individuals and/or business entities of unknown makeup, each of

whom, upon information and belief, either reside or operate in foreign jurisdictions, or (though

not foreign) redistribute products from the same or similar sources in those foreign locations.

Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

Defendants target their business activities toward consumers throughout the United States,

including within this district, and conduct pervasive business through the operation of, at least,

one fully interactive commercial Internet based e-commerce store via, at least one of the Internet

based online marketplaces Amazon.com, ebay.com, aliexpress.com, and wish.com, all under the

Seller IDs.

18.  Upon information and belief, the Defendants use aliases in conjunction with the

operation of their businesses as set forth in Schedule "A" hereto.

19.  Defendants are the past and present controlling forces behind the sale of products

infringing at least one claim of the Plaintiff's Patent described herein using at least the Seller

IDs.

20.  Upon information and belief, Defendants were willfully advertising, offering for sale and selling goods infringing upon at least one claim of the Plaintiff's Patent to consumers within the United States and this district through several fully interactive, commercial Internet websites and Internet based e-commerce stores operating under, at least, the storefronts, the Seller IDs, and any additional domain names, websites and corresponding website URLs or seller identifications and store URL aliases not yet known to Plaintiff.  Defendants have purposefully directed some portion of their illegal activities towards consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of Infringing Products into the Commonwealth.

21.  Defendants have registered, established or purchased, and maintained the online marketplace website storefronts and Seller IDs.  Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the storefronts and Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they offer for sale and/or sell, during the registration or maintenance process related to their respective Seller ID.  Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal infringing activities.

22.  Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods infringing at least one claim of the Plaintiff's Patent unless preliminarily and permanently enjoined.

23.  Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiff.

24.  Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of goods infringing on at least one claim of the Plaintiff's Patent are essential components of Defendants' online activities and are the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

## COMMON FACTUAL ALLEGATIONS

**Plaintiff and Its Innovative SLIDEAWAY® Toy Bin**

25. The Plaintiff's Product is an innovative integrated toy storage container and play mat combination that permits the user to pour small toys from the container onto the play mat. By pulling the storage bin handles the play mat retracts back into the storage bin with all the toys. The storage bin lid is closed and the bin and toy clean-up is complete. The Plaintiff's Product, pictured below, retails for

$44.99:



26.  On October 26, 2021, the U.S. Patent and Trademark Office issued the '128 patent, the claims of which protect Plaintiff's Product.  The Plaintiff's Patent has never been assigned or licensed to any of the Defendants in this matter.  The Defendants had actual notice of the

Plaintiff's Patent when it was published on November 21, 2019. The Plaintiff's Patent issued

after a first office action allowance with the original published claims and no amendments.

27.  Plaintiff's Product has been featured in videos, articles, or podcasts by numerous

media outlets, including: *The New York Times, Good Housekeeping*, ABC'*s Good Morning*

*America*, NBC's *Today Show*, and *Scary Mommy*.

**Defendants' Wrongful and Infringing Conduct**

28.  Upon information and belief, Defendants are, through at least the Internet based e-

commerce stores operating under the Seller IDs, promoting, selling, offering for sale and

distributing goods that willfully infringe at least one claim of the Plaintiff's Patent while

marketing their knock-off products in a willful attempt to pass off their knock-off products as the

genuine version of Plaintiff's Products.

29.  Upon information and belief, Defendants' Infringing Products are of a quality

substantially and materially different than that of Plaintiff's genuine goods.  Defendants, upon

information and belief, are actively using, promoting and otherwise advertising, distributing,

selling, and/or offering for sale substantial quantities of their Infringing Products with the

knowledge and intent that such goods will be mistaken for the genuine high-quality goods

offered for sale by Plaintiff despite Defendants' knowledge that they are without authority to use

the subject matter of the Plaintiff's Patent.

30.  Defendants advertise their Infringing Products for sale to the consuming public via

Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller

IDs.  In so advertising these goods, Defendants improperly and unlawfully infringe at least one

claim of the Plaintiff's Patent without Plaintiff's permission.

31.  As part of their overall infringement scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Plaintiff's Patent in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online.  By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.  Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing actual consumer confusion, (iii) harm to Plaintiff's reputations, including tarnishing their status as the innovator in this market, (iv) an overall degradation of the value of the goodwill associated with the Plaintiff's brand, and (v) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand via the Internet.

32.  Plaintiff confirmed that Defendants were and/or are still currently offering for sale and/or selling Infringing Products for sale to the consuming public via Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller IDs and that Defendants provide shipping and/or have actually shipped Infringing Products to customers located within this judicial district.

33.  There is no question that the Infringing Product itself and the manner in which it is marketed is designed to confuse and mislead consumers into believing that they are purchasing Plaintiff's Product or that the Infringing Product is otherwise approved by or sourced from Plaintiff, thereby trading on the goodwill and reputation of Plaintiff.

- 15 -

34.  Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Plaintiff's Patent and the Plaintiff's Mark. Defendants' use of the patent is without Plaintiff's consent or authorization.

35.  Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of infringing the Plaintiff's Patent and trading on Plaintiff's goodwill and reputation.  If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

36.  Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's Products and Defendants' Infringing Products, which there is not.

37.  Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias e-commerce stores, photo albums, seller identification names, domain names, or websites being used and/or controlled by them.

38.  Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

39.  Plaintiff has no adequate remedy at law. Plaintiff is suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful infringement of at least one claim of the Plaintiff's Patent.  If Defendants' infringing activities

are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

40.  The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Products.

### COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271 (a))

41.  Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

42.  Plaintiff owns U. S. Patent No. 11,154,128 entitled "Storage container with an integrated mat". A copy of the patent is attached as Complaint **Exhibit 2.** The allowed claims of Plaintiff's Patent were published on November 21, 2019 as they were the subject of first office action allowance without amendment.  At all times relevant hereto, the Plaintiff's Product was marked in accordance with the Patent Act. Defendants had actual notice of the publication of the Plaintiff's Patent.

43.  Each of the Infringing Products that was received was physically examined and infringes at least Claim 1 of the Plaintiff's Product, as more fully detailed and demonstrated by viewing the Claims Chart of **Complaint Exhibit 4** and the photographs and descriptions of each Infringing Product as shown in **Composite Exhibit 1** of the Dee Odell Declaration filed herewith.

44.  Defendants have infringed and continue to infringe the Plaintiff's Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35

U.S.C. § 271, by making, using, selling, importing and/or offering to sell Infringing Products, namely the knock-offs that infringe at least one claim of the Plaintiff's Patent.

45.  Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and they, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

46.  Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the Plaintiff's Patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the Plaintiff's Patent.

47.  Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, enhanced discretionary damages and reasonable attorneys' fees and costs.

48.  Plaintiffs have no adequate remedy at law, and have sustained indivisible injury and damage caused by Defendants' concurrent conduct.  Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiffs will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

49.  Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief, Plaintiffs' actual damages and Defendants' profits in an amount to be proven at trial, enhanced discretionary damages for willful infringement, and reasonable attorneys' fees and costs.

## COUNT II - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)
### (Plaintiff vs. Defendant Nos. 3, 4, and 48)

50. Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein. Defendants in this Count means those identified in the versus subheading.

51. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of Plaintiff's Mark in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Infringing Goods.

52. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing products bearing and/or using counterfeits and/or infringements of one or more of Plaintiff's Mark. Defendants are continuously infringing and inducing others to infringe Plaintiff's Mark by using them to advertise, promote, offer to sell, and/or sell goods bearing and/or using Plaintiff's Mark.

53. Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods.

54. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

55. Defendants' above-described illegal actions constitute counterfeiting and infringement of Plaintiff's Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

56. Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

57. Based on certain Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of certain Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by certain Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT
### (Plaintiff vs. Defendant Nos. 3, 4, and 48)

58.  Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein. Defendants in this Count means those identified in the versus subheading.

59.  This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Infringing Products bearing

and/or using at least one of the Plaintiffs' Mark.  Plaintiffs are the exclusive licensee and owner of all common law rights in and to the Plaintiffs' Mark.

60.  Specifically, Defendants, upon information and belief, are manufacturing, promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of the Plaintiffs' Mark.

61.  Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Products bearing and/or using the Plaintiffs' Mark.

62.  Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary and permanent injunctions pursuant to 35 U.S.C. § 283, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Products; b Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators that are provided with notice of the injunction, including but not limited to the online marketplaces Amazon.com, ebay.com, aliexpress.com, and wish.com, identify any e-mail address known to be associated with Defendants' respective Seller ID, and cease facilitating access to any or all e-commerce

stores through which Defendants engage in the promotion, offering for sale, and/or sale of Infringing Products.

      c. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to the online marketplaces Amazon.com, ebay.com, aliexpress.com, and wish.com, permanently remove any and all listings offering for sale Infringing Products via the e-commerce stores operating under the Seller IDs, including any and all listings linked to the same seller or linked to any other alias seller identification name being used and/or controlled by Defendants to promote, offer for sale and/or sell Infringing Products.

      d. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to the online marketplaces Amazon.com, ebay.com, aliexpress.com, and wish.com, immediately cease fulfillment of and sequester all goods of each Defendant or other Seller under a Seller ID offering for sale the Infringing Product in its inventory, possession, custody, or control, and surrender those goods to Plaintiff.

      e. Entry of an Order awarding Plaintiff damages adequate to compensate for the infringement of its patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284 and that the award be trebled as provided for under 35 U.S.C. §284.

      f. Entry of an Order finding that this case is exceptional and an award to Plaintiff of its attorney fees and costs as provided by for under 35 U.S.C. § 285.

g. Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117.

h. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

i. Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election with respect to Count II, that Plaintiffs be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

j. Entry of an Order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, including, but not limited to, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[2], Amazon Payments, Inc., PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com, or marketplace platforms, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and Context Logic, Inc d/b/a wish.com, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-

---

[2]   WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

accounts used in connection with the Seller IDs or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

k. Entry of an award of pre- and post-judgment interest on the judgment amount.

l. Entry of an order for any further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demand a trial by jury on all claims.

Respectfully submitted,

Dated: October 29, 2021

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

Brian Samuel Malkin
Pa. ID No. 70448
bmalkin@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiff

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| 1 | Toy Storage World (TSW) | A36NE28YGTGOGN |
| 2 | ADpossible | A3GFXXWB81OLN6 |
| 3 | Agudan Global | A3NFWOQD6NSUIC |
| 4 | AILNLIA US | A1ARH9XNOTQ44X |
| 5 | alibaby | A3B0XA3I31UGT8 |
| 6 | Alimto | AOI2PXDPE7SEM |
| 7 | Andota | A1WE08VCX2LEGF |
| 8 | Armsense | A1ILOGG36CU2IN |
| 9 | AuHome | ABCI69YPNQ768 |
| 10 | AuLinx | A3JNG4MXE5XVZN |
| 11 | Baitoo | A2CBW6UNDUMF3K |
| 12 | Beauty GardenUSstore | A6USCX55W42MB |
| 13 | Best Us Toys | A14B7ERQ3CMV2W |
| 14 | Beta Bei | A12C15Z90VO4DA |
| 15 | Black Belt Teddy | A1APGLUNZZX5LY |
| 16 | Bright Store Store | A1WR4HATP9JQZV |
| 17 | Bujiat | A3GK3KK5SE6FHY |
| 18 | Changtian Im&Ex | A3TG4XYW7BR0O1 |
| 19 | chaoou group | A2EMYYJFLK7GW3 |
| 20 | COAWG-R Direct | A3SPZVCIUD1EC6 |
| 21 | CTYES | A35PVXTVX9ENWM |
| 22 | dingrundianzishangwu | AB97OP128FTJM |
| 23 | DIWANGUS | AUNTFZ3VYRHW8 |

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| 24 | Dofilachy | AQCGVY459C1YE |
| 25 | Dragon Hse | A1VHYK29JA038Q |
| 26 | Enjoying Your Life | A2AFG6LNJHYUUG |
| 27 | EXZ STORE | A107SM4GYU57RF |
| 28 | Family Group LLC | A21YRK6M7AA5VO |
| 29 | feiyouda | A3INE95ZS26NOE |
| 30 | FrankINC | A234HO6HSPKCV9 |
| 31 | Fribug Store | A1AEYB5HSVWW1D |
| 32 | FUQUN US | A3UCGG47P3F1VO |
| 33 | GenTelory | A102ZAJMEGVYX8 |
| 34 | Hainiter | AA2NPKK7VL5L7 |
| 35 | Hanxi US | A22SYR3M2HPBO6 |
| 36 | HappyCliff | A1HDQVJT4YXLZM |
| 37 | HINOKO | ADDRAP0K1APYM |
| 38 | HLTOP | A35UDXGOSK9IGS |
| 39 | HNFZF | A3TJIXNYGZLGSS |
| 40 | Hotmisu | A15ER5EA8W3SZ0 |
| 41 | JOYEUSA | A2UDPDFE71IT0M |
| 42 | JoyshareDirect | A3JQ2FGK28RNVL |
| 43 | KGMcare Direct | A2AX7JMR06DWRP |
| 44 | Kiddoable | A33ES4IENGJ2VF |
| 45 | Kind person US store | A3V1PJ3KY54E16 |
| 46 | Kosidadi | A3D5PK3YURKXJO |
| 47 | Li Nuo Mao Yi | A34QTC2FBHXG1K |
| 48 | lijiyang007 | A1NX0K0ZPKI0UL |
| 49 | Linkaye LTD | A38X4BQ2OYWU3U |
| 50 | LOSFPVR DIRECT | A1RRBHK8Q8PI00 |
| 51 | MeeQeeStore | A9TJRE0NZBQBI |

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| 52 | nanfengxianluxinhong | A38MYWDITBIHP0 |
| 53 | NEWTUS | A24NHE14C5XCHX |
| 54 | NOHIND | A2Q5CF24GTSP82 |
| 55 | Petogether Direct | A2M7L02IN5LP3W |
| 56 | PrimaShoppe | A1UEC7DTFMP80O |
| 57 | quite unique | A20HUJO0I1RH63 |
| 58 | Shoplist BT | A1IWAMZSZ3WBA7 |
| 59 | Summer-Shine | A3KLGN0BZ7AOPJ |
| 60 | SUPER DAMAI | A2IE4MO66V210 |
| 61 | Surper-Toy | AN24V4SAMAV9B |
| 62 | TIBSY | AQFTRAWMXKZSA |
| 63 | Trsmima | A2CSQGVOW6RYDU |
| 64 | two jacks | A32OUZWCYKNE5Y |
| 65 | UG HOME | A25SPBLU3BWXL2 |
| 66 | UNE Design | A3LARIE6PJXNND |
| 67 | VECANCE | APAIP77KHQ7KE |
| 68 | Way US | A21ZCW1ZMOH7SA |
| 69 | WCH AUTO Accessories LIMITED | A29TZDI1JOZ5NZ |
| 70 | Wegilion | A28MXYERG89FDB |
| 71 | wuyou-trade | A2MUPZCB194JVY |
| 72 | XCSOURCE Direct | A38N3TNH1N2LMX |
| 73 | YOURAN | A2A0S508AUR29X |
| 74 | Zestall | A1DQ6F1ACT3ELM |
| 75 | zhengdeshangmao | A1IT8HXUSEZV5U |

## <u>LISTING OF EXHIBITS</u>

Exhibit 1 .................................Screenshots from Plaintiff's Website and Amazon Store

Exhibit 2 .................................U.S. Patent No. 11,154,128

Exhibit 3 .................................U.S. Trademark Reg. No. 5994698

Exhibit 4 .................................Claims Chart for U.S. Patent No. 11,154,128